Kent. Ch. J.
delivered the opinion of the court.
This case presents the following questions. 1. Can property in corn growing, be transferred by gift ? 2. Is there here the requisite evidence of such a gift ?
- After a consideration of this case, I am satisfied- that the opinion which I gave at the circuit, upon the trial of this cause, was incorrect.
Lord Coke is reported to have said, in Wortes v. Clifton, (1 Rol. Rep. 61.) that by the civil law, a gift of goods was not valid without delivery, but that it was otherwise by our law. This is a very inaccurate dictum, and the difference between the two systems is directly the reverse. By the civil law, a gift inter vivos, was valid and binding, without delivery; (Inst. lib. 2. tit. 7. § 2. Code lib. 8. tit. 54. l. 3. l. 35. § 5*) but at common law, it Í3 very clear, from the general current of authorities'/that delivery is essential to give effect to a gift. (Bracton, de acq. rerum dom. lib. 2. fo. 15. b. 16. a. Noy. 67. Str. 955. Jenkins, 109. 2. Black. Comm. 441.) In the analogous case, also, of gifts, causa mortis, it was held by Lord Hardwicke, in the case of Ward v. Turner, (2 Vesey, 431.) where the subject underwent a very full discussion, that a delivery was necessary to make the gift valid $ and, accordingly, that a delivery of receipts for South sea annuities, was not a sufficient delivery to pass these annuities by that species of gift.
Srery, in both kinds of gift, is equally requisite, on s of public policy and convenience, and to prevent mistake and imposition.
*56 If delivery be requisite, there was none in the present case. The land, at the time of the alleged gift, was in possession of one Hallett, and not of any of the defend* ants, to whom the gift is said to have been made; and before the wheat was ripe, the plaintiff recovered the possession of the land by due course of law. Here was not even an attempt at a symbolical delivery, and giving the testimony the strongest possible construction, in fa-vour of the defendants, it amounted to nothing more than saying, I give, without any act to enforce it. A mere symbolical delivery would not, I apprehend, have been sufficient. The cases in which the delivery of a symbol has been held sufficient to perfect the gift, were those in which it was considered as equivalent to actual delivery, as the delivery of a key of a trunk, of a room, or warehouse, which was the true and effectual way of obtaining the use and command of the subject. (2 Vesey, 442, 3. 4 Brown, 286. Toller's law of Exc. 181, 2.) I do not know, that corn, growing, is susceptible of delivery, in any other way, than by putting the donee into possession of the soil; but it is not necessary to give any opinion at present, to that extent; nor do the court mean to do so. It is sufficient to say, that, there was no evidence of delivery, in the present case, and that, to presume one, we must go the whole length of the example given in the Roman law, where the buyer is supposed to take possession of a large immoveable column by his eyes and his affections, ocülis el affectu. (Dig. 41, 2.1. 21.) The courts of equity seem to have adopted the true rule in their decisions, on the. donatio causa mortis, in which they hold, that the delivery must be actual and real, or by some act, clearly equivalent.
The opinion of the court therefore is, that the nonsuit *57 be set aside, and a new trial awarded with costs, to abide the event of the suit, (a)
New trial granted.

 But gifts, ainounting- to the value of 200 solidi, were required to be publicly registered at the time. These gifts were also revocable, for ■ ingratitude, or where they deprived the next of kin of his share of the property of the donor, or, if the don- or had children after-wards.

 It was subsequently decided iri^fcTohns. Rep. 26. in the case of Pearson v. Pearson, that a gift is not-wnsummated until the delivery ef the thing promised, and until delivery a party may revoke his promise. Quere, whether corn growing is susceptible of delivery in any other way than by putting the donee in possession of the land ? ■