Catuon, J.
delivered the opinion of the court.
On the 21st January, 1828, an execution atthe instance of the lessor was levied upon the land as that of the defendant, and on the 20th of March it was sold and purchased by the lessor. At the time of the conveyance and sale Benton was not in possession of the land; but resided in another county. . This action was brought the 9th of May, 1832, at which time Benton was in possession. For the plaintiff was i’ead a grant for the land to Jesse Steed, and then the judgment, execution and sheriff’s deed. Here the plaintiff rested his cause. The defendant introduced no evidence. The court instructed the jury that the plaintiff was not entitled to recover, having shown no sufficient title.
1st. Benton gave written instruction to the sheriff to sell by lots, and it is insisted he is now estoped to say he had no title, as he states he had title in the instructions. The instructions were given pursuant to the act of 1799, ch. 14, sec. 3; the whole land would have been sold together had no directions been given. It is by force of the record and sale, the sheriff’s deed *130 can be noticed in ejectment. At law the equitable circumstances supposed to exist cannot be noticed.
2d, It is insisted the defendant to the execution, whose land is sold, will not be permitted to show a title in another, that he holds as tenant at will to the purchaser, and cannot dispute his landlord’s title. To sustain this position, 3 Cains’ Rep. 188, 1 John. 45, 2 John. 53, and 4 John. 232, are relied upon.
In New York the equitable estate, as well as legal, is subject to sale by execution at law. ' The defendant cannot have any interest after the sale, and hence the strictness of treating him as the tenant of the purchaser. J ust such title as the debt- or has, the purchaser acquires. With us these decisions must be admitted with great caution, lest with the adjudications of a sister state, we adopt her statutes. The well settled rule is,' that the plaintiff must-make out a connected legal title, and show he has an estate; and the then right of possession in himself. To this rule an exception was made by the old superior court in 1807, in Tillery vs. Wilson, 1 Ten. Rep. 236, in case of the purchaser at sheriff’s sale against the debtor in possession at the time of the levy and sale. It was holden that the sheriff’s deed sustained by the record of recovery would authorize a verdict, and judgment for the plaintiff, upon the presumption that the defendant held a legal estate subject to levy and sale. This of course would throw upon defendant the burthen of repelling the presumption and prima facie evidence of a right to recover, by showing he had no estate on which the lien of a judgment and an execution could attach. This case inflicts no hardship, as the title papers are in the defendant’s possession, and peculiarly with his knowledge, which must have been the prominent reason for the exception to the general rule of requiring the plaintiff to show a connected chain of title. Further than this, the case of Tillery vs. Wilson has not gone, and we are unwilling to extend the doctrine. Were we to do so, the purchaser under the execution could turn out the defendant holding by virtue of a title bond, or by force of an occupant claim, or as a naked trespasser upon the land of another, ■ when no interest was or could be acquired by the purchaser, and when an entry on the premises recovered would be a trespass in the sheriff executing the writ of possession. If no estate *131 is acquired by the purchase, it is not possible to hold that the purchaser has a right to recover the land.
See Kimbrough vs. Benton — Ante, p, 110.
The presumption of title- in the defendant to an execution arises because of his possession of the land at the time of the levy and sale; but if he be not in possession, there is no estate prima facie for the judgment and execution to operate upon. And it lies on the purchaser to show he acquired a title by the purchase, that will authorize a recovery of the land by an ejectment. It matters not who is the defendant — the plaintiff must recover by the strength of his own title. This record shows the legal title to the land sold outstanding in Jesse Steed, and that no interest was taken by the purchase. Therefore, judgment must be affirmed.