## ELIAS JACOB *v.* L. R. KETCHAM.

AN AWARD OF ARBITRATORS.—An award, to be valid, must be certain and decisive as to the matters submitted, and thus avoid all further litigation.

IDEM.—An award by arbitrators selected to settle accounts between parties, that one of the parties is entitled to a credit of a certain sum on his account with the other, is not final and decisive as to the matters submitted, and is not, therefore, valid.

AWARD IN EVIDENCE.—An award of arbitrators is not admissible in evidence unless it is final and conclusive upon the matters submitted.

APPEAL from the District Court, Thirteenth Judicial District, Tulare County.

This was an action upon the following promissory note:

"$1,345 30.          VISALIA, January 3d, 1867.

"One day after date, without grace, I promise to pay to E. Jacob, or order, the sum of thirteen hundred and forty-five dollars thirty cents, payable only in gold coin of the Government of the United States, for value received, with interest thereon at the rate of one and a half per cent per month from date until paid.

"L. R. KETCHAM."

The answer set up that the note was given for a balance then due from defendant to plaintiff on a store account, and that thereafter the defendant continued to trade with the plaintiff up to August, 1867, and that the firm of Ketcham & Stayton, of which the defendant was a member, also did business with the plaintiff up to July, 1867, at which time the firm was dissolved, and the account of the firm with plaintiff was transferred to the defendant, with full knowledge and consent of plaintiff. That about September 1st, 1867, the parties attempted to settle, when plaintiff gave defendant two accounts—one being a bill of the defendant's account, and the other the account of Ketcham & Stayton; that in the account against defendant the plaintiff charged the defendant with a balance of nine hundred and twenty-seven dollars due on the note sued on; that by said accounts plaintiff made out that defendant owed him six hundred and seventy-eight dollars and eighty-nine cents, but that plaintiff did not allow defendant anything for three drafts on the Bank of California, amounting to fifteen hundred dollars, which defendant had let plaintiff have, and on which plaintiff had collected the money, and that the plaintiff denied having received the drafts; that for the purpose of settling the dispute as to such credit, the plaintiff and defendant entered into a submission, in writing, to the arbitration of Pleasant Byrd and George S. Hoffman.

A copy of the submission and award were attached to the answer. The following are such copies:

"STATE OF CALIFORNIA, }
    "County of Tulare. }

"Know all men by these presents, that there being a difficulty in settlement of accounts between E. Jacob and L. R. Ketcham, both of Tulare County, California, they have agreed, and by these presents do agree, to select arbitrators, and to be bound in their settlement by the decision of said arbitrators. That as arbitrators they have chosen Pleasant Byrd and George S. Hoffman, who, in case of non-agreement, are to select a third arbitrator; the decision of a majority to be final.

                         "L. R. KETCHAM,
                         "E. JACOB.

"VISALIA, September 28th, 1867."

"In the matter of the arbitration of certain matters in difference between E. Jacob on the one part, and L. R. Ketcham on the other: Know all men, that Pleasant Byrd and George S. Hoffman, to whom were submitted as arbitrators the matters in controversy existing between E. Jacob and L. R. Ketcham, all of Tulare County, California, as by their submission in writing, and bearing date the 28th day of September, A. D. 1867, more fully appears; Now, having been first duly sworn according to law, and having heard the proofs and allegations of the parties, and examined the matters in controversy by them submitted, do make this award in writing, that is to say: Ketcham & Stayton are entitled to a credit on their account with said E. Jacob of three checks of five hundred dollars each, amounting in the aggregate to one thousand five hundred dollars.

"In witness whereof, we have hereunto subscribed these presents, this 19th day of November, A. D. 1867.

                         "PLEASANT BYRD.
                         "GEO. S. HOFFMAN."

The accounts contained many items, and among the items the defendant, in the account against him individually, was

charged with nine hundred and twenty-seven dollars on the note sued on.

The defendant moved to strike the submission and award out of the answer, because no defense to the action. The Court denied the motion. The defendant on the trial objected to the reception of the submission and award in evidence, because the submission contained no agreement to arbitrate the question of liability of the defendant on the note, and because the award was not final and did not show whether the defendant was indebted to the plaintiff or he to the defendant. The Court overruled the objection.

The defendant recovered judgment against the plaintiff for five hundred and ninety-seven dollars and eleven cents and costs. The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*James L. English*, for Appellant.

The award is void because it is not final. It does not make a final disposition of the difficulty in the settlement of accounts between the plaintiff and the defendant. It leaves the dispute open to be settled by matter subsequent. (Watson on Arbitration, 216; Billings' Law of Awards, 132; Kyd on Awards, 208; *Porter* v. *Scott*, 7 Cal. 316.)

*P. L. Edwards*, for Respondent.

The award was final and conclusive, because the arbitrators decided all and only all that was submitted to them. The note was a part of the reciprocal accounts. The fifteen hundred dollars was the only matter in controversy and submitted to arbitration.

The array of authorities produced by the learned counsel for appellant is upon the erroneous hypothesis that the submission was upon all matters of difference, instead of the particular matter which was in fact submitted. (*Jackson* v. *Van Allen*, 14 Johns. 96; *Wrightson* v. *Beywater*, 3 Exch. 199.)

"Where the submission is with an *ita quod*, it is requisite

that all matters should be disposed of by the award; but if the submission is without such a condition, then the whole submission is to be looked to in order to ascertain whether it was the intention of the parties that all matters in difference should be embraced by one award." (*Muldrow* v. *Norris*, 12 Cal. 331.)

By the Court, RHODES, J.:

The submission to arbitration recites "that there being a difficulty in settlement of accounts between E. Jacob and L. R. Ketcham," they have selected certain persons as arbitrators, and agree to be bound by their award. The award of the arbitrators is that "Ketcham & Stayton are entitled to a credit on their account with said E. Jacob of three checks of five hundred dollars each, amounting in the aggregate to fifteen hundred dollars."

It is essential to the validity of an award that it should be final—that it should finally determine the matters submitted to the arbitrators. The purpose of a submission is to obtain a decision that shall make a final end and determination of the matter in controversy, and thus avoid all further litigation. (Kyd on Awards, 208; Watson on Arbitration, 216; *Waite* v. *Barry*, 2 Wend. 377.) Awards, as well as submissions, are to be liberally construed; but, giving this award the most liberal construction, it cannot be held to be a decision of the matter submitted to the arbitrators. They were required to make a settlement of the accounts between the plaintiff and the defendant—that is to say, to ascertain and strike a balance between the accounts and declare the amount found due from one party to the other. This they have not done; but, instead of it, they have determined that the defendant *and Stayton* are entitled to certain credits on their account with the plaintiff. This is not a final award upon the matter mentioned in the submission. Without regard to the question whether

the note in suit is included in the term "accounts," mentioned in the submission, we are of the opinion that the award was not admissible in evidence, in the action upon the note, for the reasons stated.

Judgment reversed, and cause remanded for a new trial.