[No. 7,505.—Department One.]

## WILLIAM P. WHITE ET AL. v. B. ARTHUR.

AWARD—ARBITRATORS—UMPIRE—ULTRA VIRES.—An award must be co-extensive with the submission. All the matters submitted must be determined by the arbitrators or umpire—unless the language of the submission clearly indicates a contrary intent—and the award must not go beyond them. An award which goes clearly beyond the issues limited by the submission, is invalid as a whole, when the matter *ultra vires* can not be separated without violating the plain intention of the parties.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Superior Court of Humboldt County. HAYNES, J.

A petition for hearing in Bank was filed in this case after judgment, and denied.

*J. D. H. Chamberlin,* for Appellants.

The rule is, that although a matter is not expressly submitted, yet, if by fair implication, or if it is a natural and necessary incident of the matter submitted, it will be presumed that the parties intended to have it acted upon, and an award covering it will be upheld. (*Spear* v. *Hooper,* 22 Pick. 144; *Blair* v. *Wallace,* 21 Cal. 320; *Solomons* v. *McKinstry,* 13 Johns. 27.) It lies with the party objecting to the award to show affirmatively that it embraces matters not in fact submitted. (Cases above cited; *Harris* v. *Social M. Co.,* 5 Am. Rep. 550.)

*W. H. Brumfield,* for Respondent.

The variance between the contract of submission and the award rendered the latter void.

McKINSTRY, J.:

The suit is brought to compel specific performance of an award and for damages, etc.

The submission was limited to all matters of difference "with regard to the exchange of lands on Kick-a-waket Creek," and to "the matter of the construction of a line fence to divide the lands of the parties to this agreement." The award requires the conveyance of tracts of land, on the payment of prices fixed therein, from one party to the other. The line of the fence is not fixed, except on condition that the conveyances be made, no provision is made for an *exchange* of lands, and some of the land directed to be conveyed seems to be public land of the United States. It is obvious that no part of the award can be held valid if the arbitrators have exceeded their authority in adjudging conveyances for a money consideration, since the award is, and was clearly intended to be, an entirety.

An award must be co-extensive with the submission. (3 Phil. & Arn. Ev., C. H. & E.'s notes, 334; Morse on Arb. and Aw., 340.)

Even without the *ita quod* clause in the bond or agreement it is now established that *all* the matters submitted must be determined by the arbitrators or umpire—unless the language of the submission clearly indicates a contrary intent—if each of such matters has been brought before the arbitrators by one or both of the parties. (*Simmonds* v. *Swaine*, 1 Taunt. 554; *Edwards* v. *Stevens*, 1 Allen, 315; *Warfield* v. *Holbrook*, 20 Pick. 531; Russell on Arb., 250. See *Onyons* v. *Cheese*, Lutwyche, 530.)

So, with respect to things submitted, the award must not extend beyond them. A *declaration* was held good (as against a general demurrer) which averred that an umpire appointed "of and concerning the premises" had made his award, without stating that he had made his umpirage "of and upon the premises." (*McKinstry* v. *Solomons*, 2 Johns. 56; *Solomons* v. *McKinstry*, 13 id. 27.) But this on the ground that the averments actually made implied as "a natural and reasonable presumption" that the award did accord with the submission. The decision ought never to extend to persons or things beyond the scope of the submission. (Cald. on Arb., c. v. 227.) Certain differences respecting money transactions being submitted, the referee awarded that one party should convey a house and lands to the other; this was considered certainly bad. (Cald. 232, citing *Warren* v. *Green*, Ca. temp. Finch, 142.) Had the submission been of *all demands* between the parties, it seems the direction as to such conveyance would have been valid. (Id.) In such case any award might have been made of any disputes concerning the lands of the parties; depending at the time of the submission. (Id.) Many other cases might be cited illustrating the distinction. The rule seems thoroughly established by the precedents, and is certainly consonant with principle, that an award which goes clearly beyond the issues limited by the submission, and is therefore in excess of the power conferred on the arbitrators, is invalid as a whole, when the matter *ultra vires* can not be separated without violating the plain intention of the parties.

Judgment and order affirmed.

ROSS, J., and McKEE, J., concurred.