[Civ. No. 19629.   Second Dist., Div. Two.   Nov. 24, 1953.]

SAMPSON MOTORS, INC., Appellant, v. W. C. ROLAND, Respondent.

Robert E. Rosskopf for Appellant.

C. C. Killavou and Ray J. Cusick for Respondent.

MOORE, P. J.—Appellant contracted with respondent July 3, 1951, for the construction of a machine shop according to plans and specifications. The total contract price was $14,876 which included "relocating garage and pouring necessary slab for same and for chip bins." Neither painting, plumbing nor electrical work was included in the work to be done. The contract required completion of the structure within 90 days and contained a clause for the settlement by arbitration of "all questions as to the rights and obligations arising under the terms of the contract, the plans and specifications." Also, it authorized the arbitrators to fix their own compensation.

A dispute having arisen concerning asserted violations of the contract arbitrators were appointed, hearings were held and an award was made. The findings were that respondent substantially completed performance on October 8, 1951, in a good and workmanlike manner "except as hereinafter found"; that the contractor was entitled to $1,332.85 less a credit of $50 for respondent's failure to perform certain work, and for extras and various items he should be paid $2,323.49, including his work on the storage shed for $900 and removal of the west wall for $361.91. Other items claimed by respondent were disallowed; appellant was awarded $500 as damages due to unleveled concrete floor, but its claims for damages for delay and certain defects and other errors in construction were likewise rejected. Respondent was ordered to perform some nine specific items within 20 days. By their award the arbitrators fixed their own total compensation at $1,020, each party to pay one half thereof. Subsequently, an amended and supplemental award was filed by the arbitrators, making minor changes in the original award and assessing all the additional costs against appellant. After a motion by appellant to vacate, modify and correct the award had been denied by the superior court, a petition by respondent for confirmation of the amended and supplemental award was granted. This appeal is from the judgment, the order confirming the award and the order denying the motion to modify the award.

Appellant contends that the lower court should have granted the motion to vacate, modify and correct the award because (1) the arbitrators were guilty of misbehavior by which the rights of appellant were prejudiced (Code Civ. Proc., § 1288(c)), and (2) the arbitrators so exceeded their powers and so imperfectly executed them that a mutual, final and definite award was not made. (Code Civ. Proc., § 1288(d).)

To dwell upon the numerous arguments made to the arbitrators by the parties would add no factual content of value to this discussion. Neither is there anything of value in the contentions made to the court below. Suffice it to say that on February 29, 1952, respondent moved for a confirmation of the final award of the arbitrators which was done by judgment in March, 1952. More arguments, motions and modifications followed and final judgment was entered, ordering appellant to pay the balance fixed by the award, costs and fees of the arbitrators.

■ Every reasonable intendment will be indulged to give effect to arbitration proceedings. An award made upon an unqualified submission will not be set aside on the ground that it is contrary to law unless the error appears on the face of the award and causes substantial injustice. (*Utah Const. Co.* v. *Western Pac. R. Co.*, 174 Cal. 156, 159 [162 P. 631]; *Popcorn Equipment Co.* v. *Page,* 92 Cal.App.2d 448, 451 [207 P.2d 647].) ■ The award of the arbitrators is sufficient if it is clear and precise and gives the result of the accounts between the parties without detailing the process by which the result was reached. (*Carsley* v. *Lindsay,* 14 Cal. 390, 394; *Popcorn Equipment Co.* v. *Page, supra.*) ■ The merits of the controversy between the parties, the nature and sufficiency of the evidence, and the credibility and good faith of the parties, in the absence of corruption, fraud or undue means in obtaining an award are not matter for judicial review. (*Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd.,* 29 Cal. 2d 228, 233, 238 [174 P.2d 441].)

Appellant contends that by reason of the fact that ''the award as made by the arbitrators is on its face inconsistent with the facts found and contrary to all the evidence, the action of the arbitrators becomes arbitrary and oppressive and constitutes 'misbehavior,' 'excess of powers,' or an imperfect execution of such powers.'' In support of this contention, appellant enumerates six specific items, despite the fact that no record was made of the arbitration proceedings.

■ (1) The arbitrators found that the factory floor was not constructed according to the specifications and awarded $500 as damages to appellant. Appellant insists that it presented evidence of damages to the extent of $2,000 and argues that the failure of the arbitrators to find such to be a fact is misbehavior. The measure of damages is a question of fact for the arbitrators in the absence of a contractual provision therefor. In determining the measure and extent of the damage they are not restricted to a consideration of the evidence presented to them, but may inform themselves further from private investigation and personal experience. (*Sapp* v. *Barenfeld,* 34 Cal.2d 515, 521 [212 P.2d 233].)

■ (2) Under the terms of the contract, respondent was to furnish receipted bills covering work done and materials furnished. Appellant argues that an award to the builder by the arbitrators without the production of all the bills is an act in excess of their authority. Such is not the fact. In the absence of a record or detailed findings, it must be presumed

that the arbitrators included in their award any damage to appellant resulting from respondent's breach of this portion of the contract.

■ (3) The work to be done, as detailed in the contract, included "relocating garage and building necessary slab for same." The arbitrators awarded to respondent as an extra for "work performed on storage shed after relocating same, $900." Appellant insists that the storage shed and the garage were the same structure and that therefore this work was included in the contract price. Also, it designates such award an act in excess of authority and misbehavior for failure to follow the contract. But it should be noted that the award is for extra work performed *after* the relocation referred to in the contract was completed.

■ (4) Appellant claimed damages for delay in the completion of the building, resulting from the fact that appellant removed and replaced the floor of the building. The award specifically disallowed this claim. Presumptively the arbitrators found that the delay was not caused by respondent, and this conclusion is not open for consideration on appeal.

■ (5) The award stated that respondent "substantially completed the performance," but listed a number of items wherein the builder had failed to perform. Appellant argues that these failures refute the finding of substantial performance. Whether the contract was "substantially performed" or not, is not material, since the arbitrators awarded damages for each specific failure of respondent completely to perform.

■ (6) Appellant complains that more than half of the costs of arbitration were assessed against it by the arbitrators. Under the contract, the entire cost of the arbitration could have been validly assessed against appellant. There are no restrictions on the power of the arbitrators in this respect. But in order to demonstrate that the arbitrators wisely exercised their discretion in the matter of assessing costs, a résumé of the events before the arbitrators may not be amiss.

By the first award, respondent's total recovery was $3,106.34 and he was ordered to perform nine unfinished items of work. Two of the nine were satisfactorily completed. Two were substantially done. At a second arbitration hearing, damages were fixed for respondent's partial failure, in the sums of three dollars for each of the two items. Five of the nine were not adequately performed and damages for the five were assessed at the sums of five, three, thirty, ten and ten dollars

respectively. The total damages awarded to appellant by the second arbitration were assessed at $64, while the total costs of the second arbitration were fixed at $340 and charged in toto to appellant.

When the respondent sent a painter to complete one of the substantially completed tasks, he was forbidden by appellant to enter the building. Despite appellant's refusal to allow the workman to enter and finish his task, he was credited with three dollars on the incomplete job. This attitude displayed by appellant necessarily and justifiably influenced the judgment of the arbitrators in levying costs. The superior court confirmed the first award without opposition by appellant who about six weeks later was successful in having the order vacated because of the failures in completing some of the work. If the work had not been performed then, it certainly had not been performed six weeks earlier! This vacation of the order resulted in the award of damages to appellant of the trivial sum of $64. Court costs, arbitrators' fees and attorneys' fees for the second arbitration and the second petition for confirmation, etc., will exceed many times that sum.

Since the arbitrators' assessment of costs is a matter of discretion, it cannot be held that they have abused that discretion. Therefore, they did not exceed their powers.

There was no misbehavior on the part of the arbitrators by which the rights of appellant were prejudiced, nor was there any excess or imperfection in the execution of their powers by which a mutual, final and definite award was prevented.

The judgment and the orders are affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied December 16, 1953, and appellant's petition for a hearing by the Supreme Court was denied January 20, 1954.