[Civ. No. 19788.   Second Dist., Div. Three.   Feb. 3, 1954.]

JOHN R. DOYLE et al., Appellants, v. HUNT CONSTRUC-
TION COMPANY, INC. (a Corporation), Respondent.

Preston D. Orem for Appellants.

Marlan Proctor for Respondent.

SHINN, P. J.—This is an appeal from a judgment modifying and confirming as modified an award of arbitrators appointed pursuant to the arbitration provisions of a contract under which Hunt Construction Company constructed a dwelling house for John R. Doyle and Fern Doyle.

The matter was heard upon the petition of Doyle for an order confirming the award and the motion of the construction company for an order vacating, modifying or correcting it. Two of the arbitrators signed the award, which listed 19 items, upon seven of which, sums were allowed the owners. The total amount awarded was $1,003.61. Item number 1 was for $319.98. The award was confirmed as to this item and it was modified by striking out all the other items, although as to 12 of them the claims of the owners were found to be unjustified.

The basis of the court's decision was that by agreement made, when construction work was practically completed, the parties had settled their dispute as to the work which was necessary in order to complete the job in a manner satisfactory to the owners, upon the basis of which agreements the court determined that there remained in controversy, and subject to arbitration, only said item number 1, which related to the finishing of work on a balcony. It was also found that the owners had paid the full contract price. The owners, Mr. and Mrs. Doyle, appeal from the judgment.

It is not contended on the appeal that there was insufficient evidence to justify the above mentioned findings. We must therefore consider the points that are raised in light of the fact that at the time the arbitration was had there was but a single item of the work in controversy.

At the inception of the trial the court called attention to the fact that the parties had not followed the procedure prescribed by section 1282, Code of Civil Procedure, to obtain a judgment declaring the duties of the parties to go to arbitration and defining the matters to be submitted to the arbitrators for decision. The steps taken prior to the arbitration may be summarized as follows: The attorneys of the parties had been appointed as two of the arbitrators, and they were unable to agree on a third arbitrator; the agree-

ment provided no other method for his selection. On March 14, 1952, the owners made a motion upon notice in the superior court for the appointment of a third arbitrator. The court made an order appointing a third arbitrator, stating in the order that he was to act with the others to arbitrate all controversies in accordance with the plans and specifications and the building contract. No findings were made by the court and there was no hearing and no determination as to the matters which were in dispute, nor as to the matters as to which either of the parties refused to go to arbitration. On May 23, 1952, the contractor, upon notice, moved the court for a summary trial and a limitation of the issues to be arbitrated. Without making any finding the court denied the motion, the effect of the order being to leave the subjects of the motion for future determination. Upon the hearing of the motion, no order was made except to place the motion off calendar. Thereafter the owners made up and submitted to the arbitrators a list of all items to be arbitrated, namely, the 19 items above mentioned. The contractor made written objection to the consideration of the items listed and submitted documents upon which its objection was based, namely, the written agreements of the parties. The objection was disregarded and two of the arbitrators, namely, the owners' attorney and the third member, proceeded to a hearing and made the award in question.

In the hearing under review the owners took the position that a proceeding or an adjudication under section 1282 was not necessary, but they also contended that, if it was necessary, the order appointing a third arbitrator was a sufficient determination that all matters as to which the owner complained should be arbitrated. Both of these contentions were rejected by the trial court, and the attention of counsel was directed to the case of *Trubowitch* v. *Riverbank Canning Co.,* 30 Cal.2d 335 [182 P.2d 182], in support of the court's ruling that the order appointing the third arbitrator was made without a hearing as required by section 1282 and was not a determination as to what matters were in dispute and subject to arbitration.

The trial proceeded without objection upon the part of the owners to the introduction in evidence of the agreements of the parties. No objection was made upon the ground that there had been no compliance with the provisions of section 1282, nor was there any objection to the jurisdiction of the

court. It appears to have been the position of the owners that the arbitrators were the sole judges as to the matters that should be arbitrated, and that the award was conclusive in all respects.

It is clear from the findings of the court that the arbitrators awarded upon matters which were not submitted to them. ■ The fact that the award embraced matters not submitted to the arbitrators was a ground for modification of the award under section 1289, subdivision (b). The arbitrators proceeded to consider all the matters listed by the owners, without any determination by the court as to the matters which were subject to arbitration under the agreement, and without any agreement on the part of the contractor to submit to arbitration the matters as to which the award was subsequently modified by the court.

It was stipulated at the commencement of the trial that the issues to be tried were those which were presented by the petition of the owners for confirmation of the award and by motion of the contractor for annulment or modification.

The appellants say: ''The decision of the court is against law in that the court usurped the functions of the arbitrators by substituting the judgment of the court for that of the arbitrators in deciding questions of both law and fact.'' The reasons for this statement are obscure and it has no support in the record. ■ It still appears to be the contention of appellants that arbitrators are the sole judges as to the matters that are subject to arbitration, and that if there is an agreement to arbitrate there is no occasion for any proceedings under section 1282. In making this contention they not only treat the section as meaningless legislation but they ignore entirely the finding that all but one item of the matters which had been in dispute had been adjusted by agreement of the parties. ■ It has been held that a proceeding under section 1282 of the Code of Civil Procedure is in substance a suit in equity for specific performance of a contract to arbitrate. (*Trubowitch* v. *Riverbank Canning Co.*, 30 Cal.2d 335, 347 [182 P.2d 182].) This would be an idle proceeding if it did not have for one of its purposes an adjudication with respect to the scope of the arbitration to which the parties have agreed to submit their differences.

■ The issues determined by the trial court were within the jurisdiction of the court, they were submitted for determination under stipulations and without objection, the find-

ings were within the issues, they stand unchallenged and they establish that in all instances, save one, the items of the award were upon matters not submitted for arbitration, or subject to arbitration under the agreement of the parties. There is no merit in the appeal.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied March 1, 1954, and appellants' petition for a hearing by the Supreme Court was denied March 31, 1954.