[Civ. No. 24073. Second Dist., Div. Two. Nov. 30, 1959.]

JOHN ULENE, Respondent, v. MURRAY MILLMAN OF CALIFORNIA, INC. (a Corporation), Appellant.

Jerome A. Reiner for Appellant.

Basil Feinberg for Respondent.

HERNDON, J.—This is an appeal from an order confirming an arbitrator's award. The question presented is whether the award should be vacated because (1) it was beyond the scope of the arbitrator's authority, (2) it was imperfectly executed so as not to be mutual, final and definite, or (3) it was the product of the arbitrator's misconduct and personal interest.

The facts are as follows: Appellant, hereinafter referred to as the "Company," is a manufacturer of ladies' dresses. On February 15, 1957, it entered into a collective bargaining agreement with respondent, the Los Angeles Dress and Sportswear Joint Board of the International Ladies Garment Workers' Union, hereinafter referred to as the "Union." This agreement will be in force until December 31, 1959.

There is in existence in Los Angeles an association of manufacturers of ladies' sportswear called the California Dress and Sportswear Association, Inc., hereinafter referred to as the "Association." The Association is a nonprofit corporation which bargains on behalf of its member employers with the Union. The Association and the Union had a collective bargaining agreement which was to run until December 31, 1959. In or about the fall of 1958, the Association and the Union entered into an agreement to extend this bargaining agreement for two years (until December 31, 1961). The extension agreement provided for an 18-cent an hour wage increase to the Association's employees, payable 6 cents per hour on January 1, 1959, January 1, 1960, and January 1, 1961. It also provided for a severance pay fund financed by the employers and various other changes. The Company was not, and is not, a member of the Association, carries on independent collective bargaining with the Union and apparently was unwilling to enter into an extension agreement similar to the one negotiated between the Union and the Association.

Among the provisions of the agreement between the Company and the Union is article XL, which provides as follows:

"Should the Revised Cost of Living Index for Los Angeles as maintained by the United States Department of Labor, Bureau of Labor Statistics, rise three (3) points or more above the Index for June 30, 1956, the Union may ask to readjust

the minimum wage scales herein and for a cost-of-living wage increase. A similar request may be made whenever there is a subsequent rise of three (3) points. In no event shall any request be made before September 24, 1957.

"A failure of the parties to agree on any such request within fifteen (15) days of its being made shall be an arbitrable dispute hereunder and shall be referred to arbitration in the manner herein provided."

Article XXXIX sets forth the arbitration procedures to be followed. It provides, *inter alia,* for an "Impartial Chairman" whose identity and tenure shall be the same as that agreed upon by the Union and the Association; that he shall hear all "disputes" which cannot be otherwise disposed of; that he "may interpret this Agreement, but shall have no authority to pass any rules, regulations, policies, or by-laws of the Union, nor authority to alter or modify this Agreement or any provision hereof"; that he "shall have the power to make and enter any order, ruling, or decree which in his discretion appears to be just and reasonable; such order, ruling or decree shall not, however, be in conflict with the express provisions of this Agreement"; that his "decision shall be deemed and accepted as final and binding upon all parties affected by such decisions"; that his powers "be deemed to include . . . such other and additional powers as may be granted to Arbiters, pursuant to the provisions of Section 1280 through 1292, inclusive, of the Code of Civil Procedure of the State of California"; and that a judgment of the Superior Court of Los Angeles County might be rendered upon any of the arbitrator's decisions or awards.

Pursuant to article XL, the Union requested that the minimum wage scales be readjusted and that the Company grant its employees a cost of living wage increase. The Union and the Company were unable to agree on this request, an arbitrable dispute thereby arose and the Union invoked the arbitration machinery of the agreement. The issues as to whether or not the wage scales should be readjusted and a cost of living wage increase should be granted and the amounts of such adjustment and increase, if any, were submitted to the arbitrator in the manner provided for by the agreement. On December 8, 1958, the arbitrator made the following award:

"(1) Effective January 1, 1959, the wages of all employees covered by the present collective bargaining agreement shall be increased by 10 cents per hour;

"(2) Effective January 1, 1959, the minimum wage rates

set forth in the collective bargaining agreement shall each be increased by 10 cents per hour;

"(3) The Union is hereby directed to permit the firm of Murray Millman of California, Inc., at any time prior to December 31, 1958, by written declaration and agreement, to become a party to the extension agreement [between the Union and the Association] in lieu of the foregoing award."

On motion by the Union, the superior court confirmed the arbitrator's award and denied the Company's motion to vacate said award. Judgment was entered and the Company appeals.

The Company does not attack parts (1) and (2) of the arbitrator's award, granting the 10 cents per hour increases. Indeed, it clearly could not do so, since by the terms of the agreement the arbitrator's decision is "final and binding."

In addition, it is well settled that the superior court, on motion to confirm, and this court on appeal, have no power to review the sufficiency of the evidence to sustain the award. (*Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App.2d 156, 184 [260 P.2d 156], *passim*; *Flores* v. *Barman*, 130 Cal.App.2d 282, 286 [279 P.2d 81]; *Pacific Vegetable Oil Corp.* v. *C. S. T. Ltd.*, 29 Cal.2d 228, 233 [174 P.2d 441]; *Lundblade* v. *Continental Insurance Co.*, (D.C.N.D. Cal.) 74 F.Supp. 795, 797; *Griffith Co.* v. *San Diego College for Women*, 45 Cal.2d 501, 510 [289 P.2d 476, 47 A.L.R.2d 1349]; *Los Angeles Local Joint Executive Board* v. *Stan's Drive-Ins, Inc.*, 136 Cal.App.2d 89, 93 [288 P.2d 286]; *Gerard* v. *Salter*, 146 Cal.App.2d 840, 846 [304 P.2d 237]; *O'Malley* v. *Petroleum Maintenance Co.*, 48 Cal.2d 107, 111 [308 P.2d 9]; *Sampson Motors, Inc.* v. *Roland*, 121 Cal.App.2d 491, 494 [263 P.2d 445]; see also Feldman, *Arbitration Law in California*, 30 So. Cal. L. Rev. 375, 468, and cases collected in n. 406 therein; 5 Cal.Jur.2d, Arbitration and Award, 110-111, 116, 120, 121, §§ 39, 47, 52, 53, and cases cited therein.)

The Company's contention is that the whole award must be vacated on the ground that in part (3) thereof the arbitrator acted in excess of his powers or so imperfectly exercised them that a mutual, final and definite award upon the subject matter submitted was not made, within the meaning of Code of Civil Procedure, section 1288, subdivision (d), or that in making the award in part (3) the arbitrator was guilty of prejudicial misconduct under section 1288, subdivision (c). It is evident that the Company's contentions are unsound

and that the confirmation of the arbitrator's award must be affirmed.

Although section 1280 of the Code of Civil Procedure provides that the provisions of the title on arbitration shall not apply to "contracts pertaining to labor," it has been held that collective bargaining agreements are not "contracts pertaining to labor" within the intendment of that statute. (*Levy* v. *Superior Court,* 15 Cal.2d 692, 703-705 [104 P.2d 770, 129 A.L.R. 956]; and see Feldman, *op. cit.,* 400-405.) Therefore, the provisions of Code of Civil Procedure, sections 1280 through 1293, are applicable in the instant case.

Every reasonable intendment will be indulged in by the courts to give effect to arbitration proceedings. (*Popcorn Equipment Co.* v. *Page,* 92 Cal.App.2d 448, 451 [207 P.2d 647]; *Crofoot* v. *Blair Holdings Corp., supra,* 119 Cal.App.2d 156, 185; *Drake* v. *Stein,* 116 Cal.App.2d 779, 785 [254 P.2d 613]; *Straus* v. *North Hollywood Hospital, Inc.,* 150 Cal.App. 2d 306, 310, 316 [309 P.2d 541]; *Sampson Motors, Inc.* v. *Roland, supra,* 121 Cal.App.2d 491, 494; *Griffith Co.* v. *San Diego College for Women, supra,* 45 Cal.2d 501, 516; *Downer Corp.* v. *Union Paving Co.,* 146 Cal.App.2d 708, 716 [304 P.2d 756]; see also Feldman, *op. cit.,* 462, 469-470; 5 Cal.Jur. 2d, Arbitration and Award, 110, § 39.) Thus, the burden is on the party attacking the award to affirmatively establish the existence of error and the fact that it was prejudicial. (*Popcorn Equipment Co.* v. *Page, supra*; *Crofoot* v. *Blair Holdings Corp., supra*; *Sampson Motors, Inc.* v. *Roland, supra*; *Griffith Co.* v. *San Diego College for Women, supra*; *Downer Corp.* v. *Union Paving Co., supra.*) Since, in general, the merits of the controversy are not subject to judicial review (*Crofoot* v. *Blair Holdings Corp., supra*; *Flores* v. *Barman, supra,* 130 Cal.App.2d 282, 286; *Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd., supra,* 29 Cal.2d 228, 233; *Griffith Co.* v. *San Diego College for Women, supra*); ". . . in the absence of some limiting clause in the arbitration agreement, the merits of the award, either on questions of fact or of law, may not be reviewed except as provided in the statute." (*Crofoot* v. *Blair Holdings Corp., supra,* at p. 186.)

Section 1287 of the Code of Civil Procedure provides that, upon application of either party, the superior court must grant an order confirming an arbitration award unless the award is vacated on grounds set forth in section 1288 or modified or corrected on grounds enumerated in section 1289. The

statutory grounds specified in these latter two sections are, therefore, the only grounds on which a court may refuse to recognize an arbitrator's award as final, where the arbitration agreement does not provide otherwise, as is true in the case at bar.

The superior court must vacate an arbitration award where the arbitrator exceeds his powers. (Code Civ. Proc., § 1288, subdivision (d) ; and see *Flores* v. *Barman, supra.*) ██ The powers of the arbitrator are derived from the arbitration agreement or stipulation of submission; he has no power to determine issues not submitted to him and he must decide all issues which are submitted. (*Porter* v. *Scott,* 7 Cal. 312, 316; *White* v. *Arthur,* 59 Cal. 33, 34, 35; *Crofoot* v. *Blair Holdings Corp., supra,* at 184; *Pacific Fire Rating Bureau* v. *Bookbinders' & Bindery Women's Union No. 31-125,* 115 Cal.App.2d 111, 114 [251 P.2d 694] ; *Drake* v. *Stein, supra,* 116 Cal.App.2d 779, 785; *Flores* v. *Barman, supra,* at 287; *Stenzor* v. *Leon,* 130 Cal.App.2d 729, 732 [279 P.2d 802] ; *Bierlein* v. *Johnson,* 73 Cal.App.2d 728, 733 [166 P.2d 644]. See also Feldman, *op. cit.,* pp. 477 et seq.; 5 Cal.Jur.2d, Arbitration and Award, 108, 118, §§ 37, 50.)

██ In the case at bar, the Company argues that since there is no provision in the collective bargaining agreement giving the arbitrator the authority to extend the contract of the parties beyond its fixed termination date and since the agreement forbids him to create new or additional terms and provisions, by including part (3) of the award, giving the Company the option of electing to follow the extension agreement in lieu of increasing wages in accordance with parts (1) and (2) thereof, the arbitrator rendered a decision on an unsubmitted issue and hence exceeded his powers. This contention is not well taken. The issue submitted to the arbitrator concerned cost of living wage increases. Parts (1) and (2) of the award clearly relate only to cost of living wage increases. Part (3) does not require the Company to extend its agreement with the Union or to agree to any of the new terms of the extension agreement between the Union and the Association. Its main effect is to permit the Company to elect to satisfy its obligation to pay the cost of living increases to its employees in a manner other than that specified in parts (1) and (2). The agreement itself gives the arbitrator the power to "make any order, ruling or decree which in his discretion appears to be just and reasonable" and so long as his order does not conflict with the express provisions of the

agreement nor violate any provisions of the law, it is not for this court to determine the efficacy of the award.

Furthermore, even if the arbitrator had no authority to adjust the wage scales by invoking the terms of the extension agreement, the Company clearly cannot show that it was prejudiced thereby. As to the Company, part (3) of the award was entirely optional; it was already bound by parts (1) and (2) and if it did not like the terms of the extension agreement, it was under no obligation to follow them. It flies in the face of reason to suggest that an otherwise entirely proper award which gives the appellant something to which he claims he is not entitled should be vacated at his request.

Finally, even if part (3) represented an abuse of powers by the arbitrator and if this abuse were prejudicial, it would be improper for us to vacate the entire award in a situation in which the proper and improper portions of the award can be separated without violating the parties' intent. (See *White* v. *Arthur, supra,* 59 Cal. 33, 35.) Under the present statutes, the proper procedure would be to modify or correct the award in accordance with Code of Civil Procedure, section 1289, subdivision (b) ("[w]here the arbitrators have awarded upon a matter not submitted to them . . ."). (*Doyle* v. *Hunt Construction Co.,* 123 Cal.App.2d 51, 54 [266 P.2d 152]. And see Feldman, *op. cit.,* at 473.) This procedure would in no way assist the Company, as it would still be forced to comply with parts (1) and (2) of the award. If anything, the Company has received more than it was entitled to and it cannot be heard to complain.

Another ground for vacation of an arbitration award exists where the arbitrator "so imperfectly executed [his] powers . . . , that a mutual, final and definite award, upon the subject matter submitted, was not made." (Code Civ. Proc., § 1288, subdivision (d).) ██ A *definite* award is one which is certain and decisive as to the matter submitted, so as to avoid further litigation. (See *Pierson* v. *Norman,* 2 Cal. 599; *Jacob* v. *Ketcham,* 37 Cal. 197; see also Feldman, *op. cit.,* 489-490; 5 Cal.Jur 2d, Arbitration and Award, 109, §38.) ██ ██ However, the arbitrator does not have to find facts and give reasons for his award; the award is sufficient if it is clear and precise, and it need not detail the process by which the result was reached. (*Sapp* v. *Barenfeld,* 34 Cal.2d 515 [212 P.2d 233]; *Popcorn Equipment Co.* v. *Page, supra,* 92 Cal.App.2d 448, 452; *Sampson Motors, Inc.* v. *Roland, supra,* 121 Cal.App. 2d 491, 494; *United States Plywood Corp.* v. *Hudson Lumber*

*Co.,* 124 Cal.App.2d 527, 529 [269 P.2d 93].) ▮▮ Where an award contains alternatives or permits elections, if the elections provided for are clear and definite, they do not render the award uncertain and inconclusive. (*Crofoot* v. *Blair Holdings Corp., supra,* 119 Cal.App.2d 156, 190-191.) ▮▮ A *final* award is one which conclusively determines the matter submitted, leaving nothing to be done but to execute and carry out the terms of the award. (*Boyd* v. *Bargagliotti,* 12 Cal.App. 228, 238 [107 P. 150]; *Jacob* v. *Ketcham, supra,* 37 Cal. 197, 201. And see Feldman, *op. cit.,* 489-490; 5 Cal.Jur.2d, Arbitration and Award, 110, § 38.)

▮▮ In the instant case, the Company contends that the alternative which the award gave it was vague and indefinite, that it did not finally decide the issue before the arbitrator and that, since the Company could not enforce part (3) against the Union, the award was lacking in mutuality and the Union should not be able to enforce it against the Company. There is no merit to any of these contentions. The alternatives presented by the award are clear and precise, hence definite. (*Cf. Crofoot* v. *Blair Holdings Corp., supra.*) The award is final, in that no further litigation should arise out of it; all that is left to be done is that the Company elect which of the two alternatives it wishes to pursue. The award is not lacking in "mutuality." The ordinary definition of "mutual" is "reciprocally given and received." (Webster, New Collegiate Dictionary, 556.) Even if the Company were correct in its contention that it could not enforce the award against the Union, there is no reason to assume, as the Company does, that the word "mutual" was used as a term of art to signify "mutuality of remedy" as in an action for specific performance. ▮▮ We conclude that where an arbitration award is final and definite and binding upon both parties, it is "mutual" within the meaning of Code of Civil Procedure, section 1288, subdivision (d).

The Company's final contention is that the arbitrator was guilty of gross error and misconduct within the meaning of section 1288, subdivision (c) of the Code of Civil Procedure. A detailed discussion of this claim is totally unnecessary. It suffices to state that the Company does not set forth enough evidence to present the issue, let alone to outweigh the presumption favoring the arbitration proceedings.

Affirmed.

Fox, P. J., and Ashburn, J., concurred.