Lyal J. NICKALS and Calibell Nickals, his wife, Plaintiffs,

v.

OHIO FARMERS INSURANCE COM-PANY et al., Defendants.

Civ. A. No. 41574.

United States District Court
N. D. California, S. D.

Jan. 28, 1965.

Barnett & Robertson, San Francisco, Cal., for plaintiff.

Walcom & Harmon, San Francisco, Cal., for defendant.

McNICHOLS, District Judge.

This cause came on for trial on the merits January 4, 1965, before the court sitting without a jury. Plaintiffs were represented by Rodney Robertson, Esquire, of the firm of Barnett & Robertson and defendant by Leo J. Walcom, Esquire, of the firm of Walcom and Harmon; oral and documentary evidence was taken and the matter submitted to the court subject to filing of additional memoranda; said memoranda briefs have been filed and examined by the court.

Briefly stated, the background facts, as agreed by the parties, reflect the following situation:

Lyal J. Nickals and his wife, plaintiffs herein, operated, prior to December 23, 1962, a retail flower and gift shop at San Leandro, California. Nickals had been in business for some fifteen years and had developed a substantial operation. He owned a building, housing the business, of a value of approximately $100,-000.00 with furniture, fixtures and inventory of a value considerably in excess of this sum.

Defendant, Ohio Farmers Insurance Company, had issued to plaintiffs a policy of fire insurance covering the building in which the business was operated in the face amount of $90,000.00 and a policy of valued per diem business interruption insurance on the floral and gift business, with a limitation of $100.00 per day for a maximum time period of 180 days ($18,000.00 maximum). Said policies were in full force and effect on December 23, 1962 when the premises were totally destroyed by fire.

Negotiations for settlement of the loss under both the fire and the business interruption policies were unsuccessful and defendants notified plaintiffs of demand for "appraisal" (arbitration) as provided in the policies. On April 3, 1963, the loss under the fire policy was appraised by Conrad Lewbel, the defendant's appointed appraiser, and by John Deadrich, plaintiffs' appointed appraiser at $90,000.00 (the policy limit) and the per diem business interruption loss at $7,500.00. The appraisers were in agreement and it was not necessary to submit to the neutral umpire any differences, although a neutral umpire had been appointed.

Plaintiffs immediately objected to the award as to the business interruption policy and rejected the proffered payment thereunder of $7,500.00 made by the defendant. It is only as to the purported award under the business interruption coverage that this cause is concerned, the award as to the loss on the building being for the full face of the involved policy.

Complaint was filed by the plaintiffs in the state court of California and duly removed to this court based on diversity of citizenship and a controversy involving a matter exceeding the sum of $10,-000.00. Plaintiffs seek alternative relief in two alleged causes of action, i. e. (a) for a declaratory judgment by the court of the rights of the parties under the business interruption coverage and allowance of the amount the court finds due to the plaintiffs thereunder, or, (b) a judgment rescinding the award of the appraisers on the ground that arbitration of this portion of the loss was never legally submitted to the appraisers.

Basically, plaintiffs' contention is that plaintiffs: (1) had never understood that the business interruption loss was to be made the subject of the April 3, 1963 appraisal; (2) did not appoint an appraiser for this purpose; (3) that the appraiser they did appoint was not authorized to appraise the business inter-

ruption loss; (4) that plaintiff, Lyal J. Nickals, executed the written agreement of appraisement without benefit of advice of his attorney and under the mistaken impression that the agreement only dealt with the fire loss to the building; and (5) that plaintiffs thusly were not able to, and did not, present full evidence on the question of the extent of loss under the business interruption phase of the loss.

Defendants contend that: (1) demand was regularly made to appraise the loss under both policies; (2) that the appraisers did so under a written submission; (3) that the plaintiffs, and their attorney, had full knowledge of the time and place of the appraisement hearing; (4) that the plaintiffs were advised that the business loss was to be appraised and that with full knowledge the plaintiff, Lyal J. Nickals, signed the agreement of submission; (5) that plaintiffs participated in and offered information to the appraisers on which to base an award and (6) advised the appraisers prior to the award that plaintiffs had no further evidence to offer and were well satisfied to leave the matter to the appraisers' good judgment.

■ The law favors arbitration and it has long been an accepted principle of law, with respect to review by a court of an arbitration award, that there exists strong presumption favoring the validity of the award. Burchell v. Marsh, 17 How. 344, 58 U.S. 344, 350, 15 L.Ed. 96.

■ This rule is firmly established in California. Ulene v. Murray Millman of California, Inc., 175 Cal.App.2d 655, 346 P.2d 494; Turner v. Cox, 196 Cal.App.2d 596, 16 Cal.Rptr. 644. Under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, this court must apply the substantive law of California.

■ The initial problem which faces the court in this matter involves a determination as to whether or not the issue of the loss under the business interruption policy was ever properly submitted to appraisement by the plaintiffs. For if plaintiffs prevail on this score, the award cannot stand. Ulene v. Murray Millman of California, Inc., supra; Crofoot v. Blair Holdings Corp., 119 Cal.App.2d 156, 260 P.2d 156 and Stein v. Drake, 116 Cal.App.2d 779, 254 P.2d 613.

■ Determining, as I do, that a binding submission was made and that Deadrich, plaintiffs' appraiser, was authorized by the plaintiffs to appraise the use and occupancy loss, the other question to be settled presents the consideration of an attack on the award itself. In this latter regard, the court feels that the scope of inquiry is limited to the statutory grounds for vacation of award as set out in Sec. 1286.2, California Code of Civil Procedure. Ulene v. Murray Millman of California, Inc., supra; Crofoot v. Blair Holdings Corp., supra; Raytheon Company v. Rheem Manufacturing Company (1963) C.A. 9th, 322 F.2d 173.

In order to apply the foregoing law to this controversy, I make the following Findings of established Fact:

1. Plaintiffs are, and were, at all times relevant, residents of the State of California, and the defendant is a corporation organized under the laws of Ohio with its principal place of business in that state.

2. That defendant issued to the plaintiffs its policy No. 819658, providing for per diem business interruption loss, in the maximum amount of $18,000.00, and that the same was in full force and effect on December 23, 1962, at which time the property covered by the policy was sufficiently damaged by fire as to interrupt the business.

3. That due and proper proof of loss under said policy was made and a demand, due and proper in its form, was served on the plaintiffs by the defendant requiring appraisement or arbitration as provided in said policy; that defendant's demand for appraisal was a demand that both policy No. 820079 (covering fire loss on the building) and No. 819658 (business interruption loss) be appraised.

(4) Defendant's appraiser, Conrad Lewbel was authorized to act for the defendant as to both policies.

(5) The written appointment of plaintiffs' appraiser, John A. Deadrich III, failed to clearly specify the extent of authority or the scope of the appraisement. Deadrich knew when he arrived at the hearing he was to appraise the building loss. He did not understand at that time that the business interruption loss was to be appraised.

(6) The appraisal hearing was duly set by the appraisers, with knowledge of all parties, for April 3, 1963 at the site of the fire. The appraisers attended as did the plaintiff, Lyal J. Nickals and a representative of the defendant insurance company. William Castro, a Notary Public, was also present. Plaintiffs and plaintiffs' attorney knew well in advance of the proposed meeting, the time and date thereof. The fact that plaintiffs' attorney was not present was by the plaintiffs' choice.

(7) Appraiser Lewbel was very experienced in such proceedings. He had prepared in advance, and presented at the opening of the hearing, a form of proposed agreement for submission to the appraisers (plaintiffs' Exhibit No. 4). This instrument, contrary to the original contention of the plaintiffs, was complete on its face prior to its being presented by the appraiser Lewbel to the plaintiff, Nickals. Lewbel explained that both the fire loss coverages of the building and the use and occupancy insurance policies were the subject of the appraisement.

(8) The submission agreement referred to loss or damage for "use and occupancy", rather than "business interruption". The policy in question is denominated in its heading as "VALUED PER DIEM BUSINESS INTERRUPTION." However, the language of the policy states that the coverage of $18,-000.00 is "on the use and occupancy" of the building involved. The phrases "use and occupancy insurance" and "business interruption insurance" are used interchangeably in appraisal and insurance verbiage. The use in the submission agreement of the phrase "use and occupancy" rather than the phrase "business interruption" was proper and did not lead to a mistake of fact on the part of plaintiff.

(9) Immediately after the opening of the appraisal hearing, and before any investigation by the appraisers, the appraiser, Deadrich, and the plaintiff, Nickals, were fully aware that said agreement for submission to the appraisement provided for the appraisement of the loss under both policies—building and business interruption.

(10) Plaintiff, Nickals, after either reading, or hearing read, the agreement for submission, executed the same in the presence of both appraisers. The appraisers then executed the "declaration of appraisers" on the reverse side of the agreement of submission. Nickals was an experienced businessman who had operated retail businesses for many years and built the business up to an annual gross of $200,000.00 to $300,000.00 per year.

(11) Evidence as to the value of the burned building and the loss through business interruption was then obtained by the appraisers by way of questions asked the plaintiff and general discussion of the business previously operated by the plaintiffs.

(12) The appraisers specifically asked the plaintiff, Nickals, if he had further proof or information he wanted presented and he stated that he did not. At this point Nickals was well aware that the loss under the business interruption coverage was being appraised by the appraisers. He was not acting under any mistake of fact.

(13) The appraisers retired to the office of appraiser Deadrich where they considered the award and, based on the information they had gathered, made an award as to both the building and the business interruption losses.

(14) There is no evidence to indicate that the award was procured by corruption, fraud or other undue means. There is no showing of corruption on the part of any of the arbitrators. No neutral arbitrator acted in the matter. The

award of the arbitrators was within the powers and authority submitted to them. No application to postpone the arbitration hearing was made, and no waiver of this right is shown. The arbitrators heard all the evidence offered which was material to the controversy and there is no showing of any kind of conduct on the part of the arbitrators which is contrary to the law of the State of California or to usual and regular appraisement proceedings.

On the foregoing state of the facts, and taking into consideration the law as understood by the court, I make the following specific Conclusions of Law:

(1) That this court has jurisdiction under Title 28, U.S.C.A., § 1332.

(2) In accordance with the terms of the business interruption insurance policy, the defendant insurance company was entitled to have the loss submitted to appraisement.

(3) Proper demand by the defendant for such appraisement was made.

(4) The question of the amount of loss under the business interruption insurance was duly submitted to the appraisers by both the plaintiffs and the defendant.

(5) That this court is bound to apply the substantive law of California to this controversy.

(6) That the award as entered is not subject to vacation on any of the grounds set forth in the controlling state statute (California Code of Civil Procedure, § 1286.2).

(7) That plaintiffs have failed to carry the burden of showing a right to any relief and the complaint must be dismissed with costs to the defendant.

Judgment is therefore to be entered for the defendant. This memorandum shall stand as the court's Findings of Fact and Conclusions of Law. Either party may move for additional or amended Findings in accordance with Rule 52(b) Federal Rules of Civil Procedure.