[Nos. 13082, 13083. In Bank. — August 2, 1889.]

## JOSEPH SIMONS, APPELLANT, *v.* J. S. MILLS, RESPONDENT.

ARBITRATION — CONSULTATION OF ARBITRATORS WITH STRANGER. — An award of arbitration will not be set aside upon the ground that they consulted with a person not an arbitrator, if it appears that they acted on their own judgment in making their determination.

ID. — POWER OF ARBITRATORS — AWARD AS TO PARTNERSHIP TRANSACTIONS — COLLECTION OF PARTNERSHIP ASSETS. — A reference to arbitrators to settle all matters of difference growing out of partnership transactions gives them power to determine what amounts are due to one of the partners as trustee of the partnership, from uncollected assets in the form of bills receivable, and to determine the share of each partner therein after expenses of collection are paid; and if the articles of partnership provide for the collection of such assets by such partner, the award is not objectionable for recognizing and reciting his authority to make the collection.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion to vacate an award of arbitrators.

The facts are stated in the opinion of the court.

*A. N. Metcalfe,* and *W. T. Williams,* for Appellant.

The arbitrators had no right to submit the matters in dispute to a third person not provided for in the reference, and who had not heard the witnesses. (*Little* v. *Newton,* 2 Scott N. R. 159; *Eastern Counties R'y Co.* v. *Eastern Union R'y Co.,* 3 De Gex, J. & S. 610; *Haven* v. *Winnisimmet Co.,* 11 Allen, 377.; *In re Salkeld,* 12 Ad. & E. 767; *Daniel* v. *Daniel,* 6 Dana, 93; *Small* v. *Courtney,* 1 Brev. 205; *Frissell* v. *Ficker,* 27 Mo. 557.)

*M. C. Hester,* for Respondent.

The record shows that Painter did not decide any question, but all were decided by the arbitrators. The parties, having consented to the consultation of Painter, have waived objection to all irregularity by their assent, and are not prejudiced by the action of the arbitrators. (Morse on Arbitration and Award, pp. 47, 171; *Hoogs* v. *Morse,* 31 Cal. 128; 6 Wait's Actions and Defenses, p. 531; Code Civ. Proc., sec. 1287, subd. 2.) The arbitrators had a right to consider the unpaid bills. (Morse on Arbitration and Award, p. 188; 6 Wait's Actions and Defenses, p. 528.)

THORNTON, J.—Appeal from a judgment entered on an award of arbitrators, and also from an order denying a motion to vacate the award.

We see no error in the proceeding brought here to be reviewed on appeal. The submission provided that it should be entered as an order of court. The matters were such as could be submitted to arbitration under the statute. The court below had jurisdiction of the proceeding. No objection appears to have been made

in the court below that the submission was not entered as required by law, and therefore should not be considered here.

The motion to set aside the award was made on the grounds of misconduct of the arbitrators, and that the arbitrators exceeded their powers.

Painter was not an arbitrator. Though the arbitrators consulted with him, they acted on their own judgment in making their determination. This clearly appears from the affidavits of the arbitrators.

The question presented as to the determination by the arbitrators is similar to that of the verdict of a jury, where it is agreed that each juror shall set down in figures what shall be the amount of their verdict and divide the whole sum by twelve to fix the amount, without agreeing to be bound by it, then afterward agreeing to determine the same upon consideration of the evidence. A verdict so found has been held to be good. ( *Wilson* v. *Berryman*, 5 Cal. 45.)

We do not think the arbitrators exceeded their powers under the submission.

The matters referred to the determination of the arbitrators related to a certain difference which had arisen between the parties; growing out of partnership transactions in making and selling bricks. The articles of copartnership were made part of the submission, and were attached to it as an exhibit. The submission provided that the arbitrators "shall decide upon the amounts of money that each party hereto may owe the other party hereto, at the date of this submission, arising or becoming due upon any of the transactions, acts, or omissions referred to in the preambles to this submission, and having found such amounts, shall therefrom arrive at their award, and said award may be entered as a judgment," etc.

It is declared in the submission that the reference to arbitrators is made "in order that all matters in differ-

ence, now existing between " the parties, "in reference to said brick-making business," and "that all rights of action of each of said parties against the other, arising out of said brick business, may be conclusively settled." This the arbitrators proceeded to do, and determined, first, that of the profits Simon had received in money in excess of his share, $1,926.73, for which sum Mills was entitled to a judgment against him.

There were bills due the concern, not collected at the date of the submission, a list of which is appended to the award, as to which the arbitrators made the following finding:—

"That there are still assets existing under the terms of said agreement in the shape of 'bills receivable,' which are due to said Mills, as trustee for said Simons and Mills, under the terms of said agreement, and of which, after collections are made and expenses of collection paid, Simons will be entitled to two fifths, and Mills to three fifths."

We are of opinion that the arbitrators were called in under the terms of the submission, to determine what amounts were due to each of the uncollected assets, styled in the above finding " bills receivable."

Under the articles of partnership, all moneys received on account of the business of brick-making were to be paid to and disbursed by the parties of the first part. These parties of the first part were originally Mills and one Rosenberger. Mills acquired by purchase Rosenberger's interest, and Mills then represented the parties of the first part.

The above finding of the award is objected to by counsel for Simons, as giving Mills the authority to collect the uncollected assets. But this view is erroneous. Mills had that authority under the articles, and the statement in the finding is a reference to and recital of that authority, as existing under the terms of the partnership agreement, and properly directs that after Mills

has collected the bills referred to, Simons will be entitled to two fifths and Mills to three fifths of such moneys, —in other words, that when Mills collects the moneys referred to, he will owe Simons two fifths of such collections, and he (Mills) will be entitled to retain three fifths, expense of collection to be deducted. This division of the moneys to be realized on collections made is also in accordance with the terms of the agreement of partnership. The amount due by Mills to Simons when he has made the collections referred to was thus determined, and correctly determined. We think this was within the powers conferred on the arbitrators by the submission.

We find no error in the records, and the judgment in one case (13082), and the order denying the motion to vacate the award in the other case (13083), are affirmed.

Ordered accordingly.

SHARPSTEIN, J., WORKS, J., PATERSON, J., and McFARLAND, J., concurred.