Morris Eder, J.
Application to confirm an award of arbitration is granted, and the application to vacate said award is denied. Two grounds are claimed to require vacating of the award: (1) that the arbitrators refused to hear pertinent and material evidence; (2) that they exceeded their powers (Civ. Prac. Act, § 1462, subds. 3, 4).
The first ground is based upon the arbitrators’ refusal to direct petitioner to produce certain records. Relevancy of these records was disputed and their production at the outset of the hearings refused until their relevancy was made to appear by the evidence. Evidently the arbitrators remained unconvinced as the hearing developed. Respondent admits that the arbitrators permitted it to look at goods at petitioner’s premises. In addition, it as well as petitioner produced experts who testified as to the matter concerning which those records might, it is claimed, throw some additional light. The facts in issue were evidently fully explored by both sides, and the request for record production appears to be a matter within the discretion of the arbitrators in the same sense in which a trial justice is empowered to decide what records a party should be compelled to produce. This is not a refusal to hear pertinent evidence which a party offers for consideration to arbitrators, but simply a refusal to compel the adverse party to produce certain records which are not shown to be clearly relevant to the disputed issue. Adoption of respondent’s views would open the door to all kinds of motions to vacate awards based on refusal of arbitrators to grant procedural motions or production of an adversary’s records requested on the slightest pretext. Since awards may not be vacated even for fundamental errors of law or fact, they certainly should not be set aside for mere refusal to compel a party to produce records. It is misconduct, and not mistake of judgment, which permits the court to vacate an arbitration award, and, surely, that has not been shown here.
The second ground is based on the contention that the arbitrators exceeded their powers in granting petitioner damages of $19,000 for respondent’s nonacceptance of the goods, when petitioner’s demand was for the agreed price and cost of storing the goods in the sum of $43,331.75. Such alternate relief is available at law and must be deemed within the substantial powers of arbitration. The award made is reasonably comprehended within the framework of the demand for relief, and that is all that should be necessary. Any other rule would strait-jacket the beneficent purposes intended to be accomplished by arbitration in the adjustment of commercial disputes. Here, *755 moreover, under the agreement the arbitration was to be held in accordance with the rules of the American Arbitration Association, which expressly provide that the arbitrator may grant any relief he deems just and within the scope of the agreement.
Settle order accordingly.