[Civ. No. 24750.   Second Dist., Div. One.   Nov. 7, 1960.]

MEAT CUTTERS LOCAL NUMBER 439, Appellant, v. OLSON BROTHERS, INC. (a Corporation), Respondent.

David Sokol for Appellant.

Gibson, Dunn & Crutcher and William G. Tucker for Respondent.

LILLIE, J.—This appeal is from two orders vacating that portion of an arbitration award entitling an employee to reinstatement and confirming the award as partially vacated, and denying appellant's motion to confirm the award in full.

Pertinent facts, as reflected in the opinion of the arbitrator, relate to the termination of employment by respondent employer of one Guthary, member of appellant union. On November 28, 1958, respondent's plant manager told Guthary there would no longer be any maintenance work at its Fontana plant; Guthary did not ask if any other work which he could perform was available nor did he assert he was entitled to displace any other employee because of his seniority, although there were several employees having less seniority than he doing work of a type within his capabilities. The manager offered Guthary no other job. On December 1, 1958, a representative of appellant union wrote respondent demanding Guthary be reinstated with back pay on the ground his "discharge" was without cause; respondent replied that Guthary's "separation" from its payroll was due solely to economic conditions and did not constitute a discharge. Negotiations between the union representative and respondent followed

and ended when the latter rejected an offer that Guthary would withdraw his pending case before the Labor Commissioner if respondent would agree to arbitrate the issues of differential pay and reinstatement. Two months later Guthary sued respondent in the municipal court for wages under the union contract and penalties under the Labor Code; respondent answered that Guthary had not complied with the grievance and arbitration provisions of the collective bargaining agreement. Thus, relying on section 1282, Code of Civil Procedure, appellant petitioned the superior court for an order directing arbitration of three issues: the matter of pay differential, the reinstatement of Guthary, and the amount of differential in pay and back wages due him; respondent opposed the petition. The court granted the petition and directed the parties to proceed to arbitration. Although the judgment did not specify the issues to be submitted, the lower court found the following disputes to exist and that appellant was entitled to an order directing arbitration thereon: "(a) Whether or not Milford Guthary was discharged in violation of said Collective Bargaining Agreement; and the remedy therefor; (b) Whether or not Milford Guthary is entitled to be reinstated with full rights and be paid his wages during the period during which he was discharged"; and (c) whether Guthary was paid a proper rate of pay for his classification of work. (Conclusions of law, par. 3.)

After taking evidence and hearing extended argument the arbitrator concluded that Guthary had not been discharged in violation of the collective bargaining agreement (award, par. III) ; and, although the award does not so declare, found that Guthary had been laid off in violation of the agreement (opinion, November 12, 1959). This latter finding was made in accord with the evidence and provisions of the collective bargaining agreement, relative to the arbitrator's determination of the second submitted issue—whether Guthary was entitled to reinstatement with full rights and back pay. Thus, the award provided in pertinent part: "(a) Milford Guthary was not discharged in violation of the Agreement; (and) (b) Milford Guthary is entitled to reinstatement with full rights and back pay from November 28, 1958, to the extent that he was entitled to exercise his seniority rights on that date." (Award, par. III.)

Contending that the sole issue before the arbitrator relative to Guthary's termination was—whether he had been wrongfully discharged—and that the second submitted issue (his

reinstatement) was predicated entirely upon a finding that he had been discharged in violation of the agreement, and arguing that since the arbitrator found Guthary had *not* been wrongfully discharged he exceeded his power by deciding the issue that in fact he had been laid off in violation of the collective bargaining agreement and thus was entitled to reinstatement, respondent moved the superior court either to modify that portion of the award holding Guthary was entitled to reinstatement and back pay, or to vacate the same, and confirm the award as modified or vacated. Granting the motion, the superior court ordered that portion of the award relative to reinstatement vacated, and confirmed the award as partially vacated.

The question before us is whether the arbitrator made an award on an issue not directed by the court to be submitted to him. Appellant claims that under the superior court's order directing arbitration, the manner in which Guthary was terminated and, if in violation of the collective bargaining agreement his remedy therefor, were issues properly before the arbitrator; respondent urges that the arbitrator, having found Guthary was not wrongfully discharged, then had no power to decide whether he was entitled to reinstatement under any other provision of the collective bargaining agreement.

██ Although we do not here have any direct question of factual review, inasmuch as consideration of some of the evidence is necessary to a decision whether the determination of Guthary's termination as a "lay off" under the agreement was implicit in the issue of reinstatement, it should be borne in mind that courts are bound by the arbitrator's findings of fact (*Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App.2d 156 [260 P.2d 156]) ; and the sufficiency of the evidence is not a proper subject of review. (*Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd.*, 29 Cal.2d 228 [174 P.2d 441].) ██ Moreover, in holding that "The merits of the controversy between the parties are not subject to judicial review" (*Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd.*, *supra*, 29 Cal.2d 228, 233 [174 P.2d 441]), the courts have made it clear that this limitation applies whether the problem raised be one of law or fact (*Sapp* v. *Barenfeld*, 34 Cal.2d 515, 523 [212 P.2d 233]) ; and the rule is that "in the absence of some limiting clause in the arbitration agreement, the merits of the award, either on questions of fact or of law, may not be reviewed except as

provided in the statute." (*Crofoot* v. *Blair Holdings Corp., supra,* 119 Cal.App.2d 156, 186 [260 P.2d 156].)

Unquestionably the powers conferred upon an arbitrator are broad (*Drake* v. *Stein,* 116 Cal.App.2d 779 [254 P.2d 613] ; *Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd., supra,* 29 Cal.2d 228 [174 P.2d 441]), but it is well established that he cannot bind the parties with an award based on an issue or dispute not properly submitted to him. (*Crofoot* v. *Blair Holdings Corp.,* 119 Cal.App.2d 156 [260 P.2d 156].)

"The arbitrators' jurisdiction or authority to act is derived from, and limited by, the arbitration agreement or submission" (*Bierlein* v. *Johnson,* 73 Cal.App.2d 728, 733 [166 P.2d 644]), and the limitation applies as well to submissions directed by judicial order under section 1282, Code of Civil Procedure (*Doyle* v. *Hunt Construction Co.,* 123 Cal. App.2d 51 [266 P.2d 152]), as to voluntary agreements to arbitrate. To enforce this limitation the court will modify or vacate an award embracing matters not properly submitted to the arbitrator. (Code Civ. Proc., § 1289, subd. (b) ; *Flores* v. *Barman,* 130 Cal.App.2d 282 [279 P.2d 81] ; *Bierlein* v. *Johnson, supra,* 73 Cal.App.2d 728 [166 P.2d 644].) Thus, in the case at bar, if the arbitrator exceeded his power in determining in connection with the issue of Guthary's reinstatement that there was a "lay off" in violation of the collective bargaining agreement, the action of the lower court was well taken. (*Screen Cartoonists Guild* v. *Walt Disney Productions,* 74 Cal.App.2d 414 [168 P.2d 983] ; *Bierlein* v. *Johnson, supra,* 73 Cal.App.2d 728 [166 P.2d 644].)

This limitation on the jurisdiction or authority of an arbitrator to act, creates a valid field for judicial interpretation ; and it is in the determination of whether a decided issue was properly before the arbitrator or an issue before him was not decided, that the agreement or order of submission falls under the scrutiny of the court. In the instant case, the superior court, granting the petition under section 1282, fixed the scope of arbitration when it framed the issues it directed the parties to submit in its findings of fact and conclusions of law ; but we conclude that the strict adherence to the language of the court respondent seeks to impose here assaults the real purpose of arbitration proceedings and defeats the original intent of both parties to settle the issue of Guthary's separation, whatever its nature, and if in violation of the agreement, the issue of his reinstatement. Consid-

ering the circumstances of Guthary's termination, the negotiations between the parties prior to arbitration, the provisions of the collective bargaining agreement and the true purpose of the arbitration procedure, we interpret as implicit in the issue of reinstatement a determination of the status of Guthary's separation, whatever it might be; and conclude that the arbitrator's finding that Guthary was not wrongfully discharged did not preclude a determination of the issue of reinstatement on any other ground under the agreement.

Respondent, reminding us that it did not voluntarily submit and strenuously objected to arbitration, advances the position that a determination of the "reinstatement" issue was wholly dependent upon a finding that Guthary was wrongfully discharged; and the arbitrator, having found to the contrary, Guthary's reinstatement ceased to be an issue for arbitration. It also complains that up to the day of the hearing Guthary contended his "discharge" was wrongful and respondent was not placed on notice or informed that the arbitrator would consider and determine if there had been a "lay off." Any suggestion that respondent was thus taken by surprise and not then "prepared to litigate any issue other than wrongful discharge" (respondent's brief, p. 13), not only lacks materiality to the sole issue before us, but is without merit in view of the prior lengthy negotiations of the parties, respondent's acknowledged claim at the outset that the "separation" of Guthary was in effect a layoff caused from loss of a job function for economic reasons, and the fact that the matter was argued at length by both parties before, and substantial evidence thereon was received by, the arbitrator (opinion, November 12, 1959, p. 14). Immediately upon the termination of Guthary's employment a controversy arose as to its nature—Guthary claiming it to be a "wrongful discharge," respondent labeling it a "separation" for economic causes (which appears in this instance to actually constitute a "lay off" (opinion, p. 14)); but regardless of what it consisted or whether Guthary ever knew the technical nature of his termination, the undisputed fact remains that he was out of a job, he always believed his release from employment was in violation of the collective bargaining agreement and thus was entitled to reinstatement, and at the outset sought the same with full rights and back pay.

Under the collective bargaining agreement, only specified situations merit reinstatement with full rights and back wages —"dismissal, demotion or lay off" (art. XV (3)). Respond-

ent at all times contended the "separation," due to economic conditions and actually constituting a "lay off" for lack of work due to loss of a job function, was proper and thus Guthary was not entitled to reinstatement; on the other hand, although up to the hearing he proceeded under the theory that he had been wrongfully discharged, Guthary at all times asserted his right to reinstatement and the real substance of his claim was that his release from employment was not in accord with the collective bargaining agreement and thus he should be reinstated. Both parties knew that the remedy of reinstatement was open to an employee if his termination constituted a "dismissal" or "lay off" in violation of the agreement (art. XV (3)). It is only too obvious that from the beginning, the matter of "dismissal" and "lay off" had been in the contemplation of the parties; and its consideration by the arbitrator could hardly have found the parties not "prepared to litigate any issue other than wrongful discharge." Actually, the arbitrator found in accord with respondent's contention—that there was no wrongful discharge and that what it terms a "separation" constituted a "lay off" due to the elimination of a job function, which was right and proper within the prerogative of the employer (art. XIII). Thus, the finding that Guthary's termination constituted a "lay off" was clearly within, not only the issues framed by the superior court, but that submitted by the contention of respondent. However, since certain "prerogatives of Management (are) subject to the grievance provisions set forth" (art. III), it must have been within the contemplation of the parties that if the arbitrator found the "lay off" to be the result of a proper cause, he could, and necessarily would determine if the "lay off" was done in accord with Guthary's seniority benefits guaranteed under the agreement (art. II). The arbitrator found as a fact that it was not in that no proffer of other work within his capabilities was made to Guthary while there were employees within the plant of equal ability.

As to an interpretation of the three issues specified in the superior court's findings of fact and conclusions of law, it may well be that "the remedy therefor" mentioned in the first issue (a) refers solely to "discharge" in violation of the collective bargaining agreement. That remedy under the agreement appears to include reinstatement (art. XV (3)) "if . . . such dismissal, demotion or lay off constituted a violation of this article when the Employee shall be reinstated with full rights and shall be paid his wages for the period during which he

was suspended, demoted or dismissed.'' Thus what reason would the court have had in adding as a second issue (b)—whether Guthary was entitled to reinstatement—had it not entertained the possibility of a finding that Guthary's ''separation'' constituted other than a discharge in violation of the agreement? In effect, the court directed the parties to submit these issues—was Guthary discharged in violation of the collective bargaining agreement; if so, what is his remedy; and if not, is he, under the agreement, entitled to reinstatement; and we so read the directive of the superior court even in the light of the use of the term ''discharged'' in the second issue (b), which we deem only to designate the time period under consideration and as not having to do with the nature of the ''separation.''

The authenticity of such interpretation of the scope of arbitration is borne out by the conduct of the parties at the arbitration hearing. Argued extensively by both sides was the question whether the remedies conferred upon the employee by article XV of the collective bargaining agreement for a violation of that article are equally applicable to a ''lay off'' in violation of article II. The fact that this matter of remedy, subject to an interpretation of the agreement, was strongly controverted by respondent before the arbitrator is persuasive in our determination that the issue of reinstatement (b) neither related to wrongful discharge nor was believed by respondent to relate alone to discharge in violation of the agreement.

The arbitrator determined that the remedy under article XV (reinstatement) applied to a violation of article II (seniority benefits); this interpretation of the provisions of the collective bargaining agreement, within the scope of the power conferred on the arbitrator by article XV, section 4, is conclusive on this court. (*Stove Mounters' Intl. Union* v. *Rheem Mfg. Co.*, 168 Cal.App.2d 690 [336 P.2d 181].) Our interpretation of the scope of arbitration set forth in the issues framed by the superior court, and our holding that the question of ''lay off'' is implicit in and necessarily embraced within the issue of ''reinstatement,'' are secured by the rule that although ''the award must be limited to the particular matter submitted, it may well extend to questions that necessarily arise therefrom (6 C.J.S., arbitration and award, p. 222, § 80(b).)'' (*Stove Mounters' Intl. Union* v. *Rheem Mfg. Co.*, 168 Cal.App.2d 690 [336 P.2d 181]; *Straus* v. *North Hollywood Hospital, Inc.*, 150 Cal.App.2d 306 [309 P.2d

541]); and aided by the underlying purpose of the arbitration process to settle controversies between employee and employer speedily, effectively and with finality. To hold that an arbitrator, directed to determine whether the employee is entitled to reinstatement, cannot within the confines of that issue properly determine whether he was laid off or discharged, and that the award did not embrace the whole issue of Guthary's rights, if any, under his separation, defeats the theory and purpose of arbitration and is not compatible with broad principles of justice and equity.

Respondent argues, with citations of various authority, that a wrongful discharge is far different in legal contemplation and factual effect than a lay off. This is obviously true for such distinction is recognized by the United States Bureau of Labor Statistics (*Handbook 1936*, pp. 803-804), the United States Supreme Court (*Fishgold* v. *Sullivan Drydock & Repair Corp.*, 328 U.S. 275 [66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110]), federal and state jurisdictions, the collective bargaining agreement itself and indeed, by the arbitrator who found there was a "lay off" in contrast to a "wrongful discharge." But we do not believe this distinction to be such as to preclude a determination of the same and resulting consequences.

For the foregoing reasons the order vacating subparagraph (b) of the award and confirming the same and the order denying appellant's motion to confirm the award in full are reversed and the cause is remanded with directions to the lower court to confirm the arbitration award in full.

Wood, P. J., and Fourt, J., concurred.