[No. B045410. Second Dist., Div. Two. Aug. 2, 1990.]

JOHN THOMPSON et al., Plaintiffs and Respondents, v. CARL JESPERSEN et al., Defendants and Appellants.

COUNSEL

Feinberg, Gottlieb & Grossman, Mark S. Gottlieb and William A. Feinberg, for Defendants and Appellants.

Bryan, Cave, McPheeters & McRoberts, Frank E. Merideth, Jr., and Hillary Arrow Booth for Plaintiffs and Respondents.

OPINION

GATES, J.—In July 1986 John and Anelisa Thompson (the Thompsons) contracted with Carl Jespersen and Jespersen Construction Co., Inc. (Jespersen) for the construction of a single family residence. Their agreement provided for arbitration, subject to certain exceptions not here relevant, of "[a]ll claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof . . . ."

Dissatisfied with Jespersen's performance of its obligations under the contract, the Thompsons in April 1988 submitted a demand for arbitration in which they claimed they had suffered significant damages.[1] Jespersen denied the allegations and made a counterclaim for nearly $120,000.

After the matter had proceeded to hearing, the arbitrators filed their award requiring Jespersen to pay the Thompsons only $10 in damages, but $75,000 in attorney's fees.

The Thompsons thereafter petitioned the trial court to enter judgment confirming this award. In response, Jespersen requested that it be corrected by deleting the grant of fees, which it contended, as it had during the arbitration, was beyond the jurisdiction of the arbitrators. When the court upheld the award in its entirety, Jespersen appealed, seeking resolution of a single issue that is, apparently, one of first impression, i.e.: whether arbitra-

---

[1] Jespersen asserted below that the Thompsons' aggregate claims totaled "almost $900,000." In its findings the trial court merely referred to them as being "in excess of $50,000."

tors have the authority to award attorney's fees in the absence of a provision therefor in either the arbitration contract or the submission to arbitration.

■ As has frequently been pointed out, the powers conferred upon an arbitrator are exceptionally broad. "The arbitrator's findings on questions of both law and fact are conclusive. [Citation.] A court cannot set aside an arbitrator's error of law, no matter how egregious. [Citations.] Nor can courts interfere with the award by examining 'the merits of the controversy, the sufficiency of the evidence supporting the award, or the reasoning supporting the decision.' [Citation.] An error of fact by the arbitrator cannot form the basis of court review. [Citation.]" (*Severtson* v. *Williams Construction Co.* (1985) 173 Cal.App.3d 86, 92-93 [220 Cal.Rptr. 400]; *Meat Cutters Local No. 439* v. *Olson Bros.* (1960) 186 Cal.App.2d 200, 204 [8 Cal.Rptr. 789], and cases cited therein.)

■ Nevertheless, it is equally well established that the arbitrator "cannot bind the parties with an award based on an issue or dispute not properly submitted to him . . . [, since his] ' . . . jurisdiction or authority to act is derived from, and limited by, the arbitration agreement or submission' [citation] . . . ." (*Meat Cutters Local No. 439* v. *Olson Bros., supra*, 186 Cal.App.2d at p. 204; *Victoria* v. *Superior Court* (1985) 40 Cal.3d 734, 739 [222 Cal.Rptr. 1, 710 P.2d 833]; *Jones* v. *Kvistad* (1971) 19 Cal.App.3d 836, 842 [97 Cal.Rptr. 100].)[2]

Applying these principles to the instant case, we conclude the arbitrators were without jurisdiction to consider the issue of attorney's fees. The Thompsons admitted below that "[t]he parties' contract is silent on the subject of attorney's fees in the event arbitration is required to settle a dispute" and further acknowledged that "[w]ere this case in Superior Court, that would end the issue because the basic rule in court actions is that attorney's fees are not recoverable unless specifically provided for in the parties' contract." Notwithstanding these concessions, they urge the award was authorized by the construction industry rules of the American Arbitration Association, which were incorporated into the parties' arbitration agreement.

However, only rule 43 appears even indirectly applicable, and it merely permits an arbitrator to "grant any remedy or relief that is just, equitable,

---

[2] Where the arbitrator does exceed his powers, the court will correct the award if it can do so "without affecting the merits of the decision upon the controversy submitted." (Code Civ. Proc., § 1286.6, subd. (b).) If it cannot do so, it will vacate the award. (Code Civ. Proc., § 1286.2, subd. (d).)

*and within the terms of the agreement between the parties.*" (Italics added.) The latter condition, of course, was not present here. As a consequence, we can but concur with the observation that these rules "contain no express provision nor one from which an implication may be drawn that the parties have agreed that the successful party shall be entitled to reimbursement of his attorney's fees." (Domke on Commercial Arbitration (rev. ed.) § 43.01, p. 536.)

To uphold an award of attorney's fees in the absence of an agreement to arbitrate the issue would result in gross unfairness which could only serve to frustrate the strong public policy favoring arbitration "' . . . as an expeditious and economical method of relieving overburdened civil calendars . . . . [Citations.]'" (*Victoria* v. *Superior Court, supra*, 40 Cal.3d at p. 738.)

Today, in the course of obtaining needed, often vital, services, every adult is asked to sign numerous agreements containing arbitration clauses. Few would willingly continue to do so if, rather than avoiding the costs of litigation, they would be subjecting themselves, sub silentio, to expenses that, in the absence of a contract so providing, are impermissible even in traditional trial proceedings.

"Although the parties may agree to submit to arbitration an issue which would not otherwise be arbitrable under the terms of the contract [citation]" (*Campbell* v. *Farmers Ins. Exch.* (1968) 260 Cal.App.2d 105, 112 [67 Cal.Rptr. 175]), Jespersen's conduct here cannot be construed as evincing an intention to confer upon the arbitrator the power to award attorney's fees. On the contrary, it strenuously, and consistently, contended the arbitrators had no jurisdiction to make such an award. While its counsel ultimately did submit copies of its billings, they stressed they were doing so only as a protective measure in the event the law was not as they believed it to be. Obviously, to have done otherwise would have been quite inappropriate and such precaution did not constitute a waiver of their client's basic contention.

■ Similarly, Code of Civil Procedure section 128.5, provides no basis for upholding the instant fee award. Quite apart from the fact that this statute, on its face, is limited to trial and *judicial* arbitration proceedings, the Thompsons have cited to no evidence in the record from which it could be inferred that Jespersen engaged in bad faith actions or tactics, or that the arbitrators relied upon section 128.5 in ordering Jespersen to pay the Thompsons' attorney's fees.

The judgment is reversed insofar as it confirms the award of attorney's fees; in all other respects it is affirmed. Jespersen shall recover its costs on appeal.

Roth, P. J., and Compton, J., concurred.

Respondents' petition for review by the Supreme Court was denied October 17, 1990.