[No. G009556. Fourth Dist., Div. Three. Apr. 30, 1991.]

BALDWIN COMPANY, Plaintiff and Appellant, v.
RAINEY CONSTRUCTION COMPANY, INC., Defendant and
Respondent.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976(b), part II is not published as it does not meet the standards for publication.

COUNSEL

Raitt, Morasse & Painter, Raitt & Dobrin, G. Emmett Raitt, Jr., and Michael L. Schack for Plaintiff and Appellant.

Greenberg & Hickman and Lawrence R. Greenberg for Defendant and Respondent.

OPINION

**MOORE, J.**—Plaintiff and appellant The Baldwin Company (Baldwin) appeals a judgment of the superior court confirming an arbitration award in

favor of defendant and respondent Rainey Construction Company, Inc. (Rainey). Baldwin contends the court erred by confirming a portion of the arbitrator's award while rejecting the balance, and that, accordingly, the judgment must be reversed with directions to vacate the award.

Rainey contends the appeal is frivolous and asks that it be summarily dismissed. It seeks sanctions against Baldwin and/or its counsel in the sum of $12,000 plus costs.

## FACTS

On October 21, 1987, Rainey, a general contractor, contracted with Baldwin, a developer, to construct Portola Hills Fire Station 42. The contract required that all disputes be submitted to arbitration before the American Arbitration Association (AAA).

Baldwin contends the project was completed 83 days after the date scheduled for completion. Pursuant to the contract between the parties, Rainey could receive extensions of time for delays which were unforeseeable, beyond the control or without the fault or negligence of Rainey, or the responsibility of the owner. Rainey submitted a request to be paid for such delay days, which was reviewed by Baldwin and its project architect. Under authority granted by the general conditions of the contract, the project architect determined Rainey was entitled to no extensions of time or delay days because the request was untimely.

As a result, Rainey contended it was entitled to contractual and other damages. In addition, Rainey claimed the contract had been anticipatorily breached by Baldwin, which indicated it would refuse to pay an additional $10,000 which it was withholding. The contract allowed Baldwin to retain $10,000 from the final payment for 365 days following recordation of the notice of completion. The $10,000 was withheld as a warranty retention, to be refunded less any claims made for warranty performance and correction of contract deficiencies. As of the arbitration date, no notice of completion had been filed on the project and the one-year time period for the warranty retention had therefore not yet begun.

Baldwin refused to pay any of the monies demanded by Rainey, claiming it was damaged by delays with regard to the project. The matter proceeded to an arbitration at AAA on September 12, 1989. On October 11, following the presentation of evidence and argument by the parties, the arbitrator made the following award: "1. The Arbitrator finds in favor of [Rainey], in the amount of $57,109.20. [¶] 2. The Arbitrator finds that [Rainey] is entitled to payment of $10,000 withheld as a warranty retention pursuant to

. . . the contract less any claims made against the retention for warranty performance and correction of construction deficiencies. [¶] 3. [The parties] shall bear their own costs and expenses of arbitration."

On October 13 Baldwin filed a request for clarification and objection to the award under Code of Civil Procedure sections 1283.4 and 1284.[1] The arbitrator did not act on the request for clarification within 30 days and therefore the award became final. (§ 1284.)

On February 6, 1990, Rainey filed a petition to confirm award and for entry of judgment. Baldwin filed opposition on February 28, and the matter was set for hearing on March 21. Following the hearing, the superior court ordered judgment entered for Rainey and against Baldwin in the amount of $57,109.20. The court held the additional $10,000 declared to be due Rainey was merely "an advisory opinion." As noted, no notice of completion had been filed on the project and the one-year time period for the warranty retention had therefore not yet begun. Accordingly, that portion of the award was denied without prejudice to Rainey's rights to bring a proceeding for same again at some future date. The court ordered the petition to confirm the arbitration award "granted in part and denied in part" as follows: "IT IS ORDERED that the award . . . is confirmed in part in that a judgment is to be entered in favor of [Rainey] and against [Baldwin] in the amount of $57,109.20. With regard to the award of $10,000.00, the Court finds this award to be an advisory opinion upon which a judgment cannot be entered at this time. Therefore with regard to the $10,000.00 portion of the arbitration award, the Petition is denied without prejudice to [Rainey's] rights to those monies." The court's March 21 minute order stated the petition to confirm the arbitration award and for entry of judgment was granted and that the "court confirmed arbitration award in amount of $57,109.20."

On April 9 Baldwin filed an objection to the order confirming the arbitration award. In its opening brief, Baldwin represents to this court that its objection requested "clarification of the court's confirmation in part and denial in part of the arbitration award." However, Baldwin is not candid. First, the page reference cited by Baldwin to support its contention is to the court's minute order. Second, the objection simply requested "any reference to costs . . . be stricken from the judgment," inasmuch as Rainey failed to request costs as part of its petition, was not awarded costs as part of the court's order, and did not disclose the nature of any costs claimed, nor file a memorandum of costs. At no time did Baldwin make any other objection to the form or content of the court's order confirming arbitration award.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

Judgment was entered on April 11, and this appeal followed.[2]

## I

### JURISDICTION OF COURT TO CORRECT AWARD

■ Baldwin's sole contention on appeal is that the superior court exceeded its jurisdiction in confirming a portion of the arbitration award and rejecting the balance. Baldwin argues the court erred because it neither confirmed or vacated the award, but chose a "hybrid" of confirming in part and vacating in part. It argues that "that procedure, although well intended, is not permitted under the Code." Our review of the record leads us to conclude the court, largely at the urging of Baldwin, properly confirmed the award of $57,109.20, then corrected the award as to the $10,000 "without affecting the merits of the decision upon the controversy submitted," as permitted by section 1286.6.

Section 1285 provides in pertinent part, "Any party to an arbitration in which an award has been made may petition the court to confirm, correct, or vacate the award." Section 1285.2 provides that "[a] response to a petition . . . may request the court to dismiss the petition or to confirm, correct or vacate the award." In addition, section 1286.6 provides, "[T]he court, unless it vacates the award . . . , shall correct the award and confirm it as corrected if the court determines that: . . . [¶] (b) [t]he arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted . . . ."

Prior to the amendment of section 1286 in 1961, the trial court had the power to modify and correct awards, giving effect to their intent and promoting justice between the parties. Under the former law (§ 1289), where an arbitration award had both proper and improper portions, the correct procedure was not to vacate the entire award but to modify or correct the award. (*Ulene* v. *Murray Millman of California* (1959) 175 Cal.App.2d 655, 662 [346 P.2d 494].) The parties here agree there are no cases decided after the 1961 amendment which specifically hold that a trial court cannot confirm a portion of the arbitration award and reject the balance. And, as discussed, *post*, the recent case of *Thompson* v. *Jespersen* (1990) 222 Cal.App.3d 964 [272 Cal.Rptr. 132] indicates a court may do so. But we need not reach that question here. Under the present statutory scheme, the

---

[2] The notice of appeal states that the appeal is from the "order confirming the arbitration award . . . ." Such an order is not final and is therefore nonappealable. However, since the judgment was in fact entered on April 11 and no prejudice resulted from Baldwin's error, we construe the instant appeal as having been taken from the final judgment. (*Jones* v. *Kvistad* (1971) 19 Cal.App.3d 836, 839, fn. 1 [97 Cal.Rptr. 100].)

court may correct the award if either the petition to confirm or the response requested the award be corrected and the court determined the arbitrator exceeded his power and the award can be corrected "without affecting the merits of the decision." (§ 1286.6, subd. (b).) Those prerequisites were met here.

Baldwin contends it did not request correction of the award. On the contrary, Baldwin argued to the superior court that the $10,000 warranty retention awarded to Rainey "effectively calls for an advisory ruling to the extent that claims exist against the warranty retention." Baldwin claimed it had claims against Rainey in excess of the total arbitration award, including a claim against the entirety of the warranty retention. In addition, as noted, Baldwin concedes on appeal that as of the arbitration date no notice of completion had been filed on the project and, therefore, the one-year time period for the warranty retention had not yet begun. In ruling on the petition to confirm, the superior court was clearly convinced by Baldwin's argument and "corrected" the award accordingly.

Section 1286.6, subdivision (b) allows the court to correct or vacate a portion of the award if it determines the arbitrator exceeded his power, which even Baldwin concedes was done here as to the $10,000. ■■ Moreover, it is clear the "merits of the decision" were not affected by the determination, because the court merely severed out that portion of the award, denying it without prejudice to further litigation in that regard.[3]

Our holding is supported by *Thompson* v. *Jespersen, supra,* 222 Cal.App.3d 964. There, the arbitrators awarded the prevailing party $10 in damages, and $75,000 in attorney's fees. The Court of Appeal reversed the judgment insofar as it confirmed the award of attorney's fees, noting "it is . . . well established that the arbitrator 'cannot bind the parties with an award based on an issue or dispute not properly submitted to him . . . [, since his] ". . . jurisdiction or authority to act is derived from, and limited by, the arbitration agreement or submission" [citation] . . . .' [Citations.]" (*Id.,* at p. 967 (fn. omitted).) So, in the instant case, as of the arbitration date, no notice of completion had been filed on the project and, therefore,

---

[3] In the court below, Baldwin also contended the arbitration award did not comply with section 1283.4 because it failed to "include a determination of all questions submitted to the arbitrator, a decision of which is necessary in order to determine a controversy." In essence, Baldwin argued the arbitrator was required to file a statement of decision setting forth the basis for its ruling. However, there is no rule that an arbitrator must find facts and give reasons for the award, and "a decision simply that one of the parties should pay the other a sum of money is sufficiently determinative of all items embraced in the submission." (*Sapp* v. *Barenfeld* (1949) 34 Cal.2d 515, 522-523 [212 P.2d 233].) In any event, Baldwin has abandoned the issue on appeal.

the one-year time period for the warranty retention had not yet begun. By confirming the award of $57,109.20, and correcting the award as to the $10,000, the court complied with the requirements of section 1286.6, subdivision (b).

## II

### SANCTIONS*

. . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed. Sanctions are denied. Respondent Rainey shall recover its costs on appeal.

Sills, P. J., and Crosby, J., concurred.

---

*See footnote, *ante*, page 1053.